# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **UNDER WILD SKIES, INC.** ) | |
| *Movant* ) | |
| ) | |
| v. ) | Case No. 1:23-mc-16 |
| ) | |
| **NATIONAL RIFLE ASSOCIATION** ) | |
| **OF AMERICA** ) | |
| *Respondent* ) | |
| ) | |

### FED. R. CIV. P. 45(d)(3) MOTION TO QUASH SUBPOENA TO NONPARTY FITZWATER AND DEAN, P.L.C.

This Motion to Quash concerns a third-party subpoena (the "Subpoena"), issued by Respondent National Rifle Association of America ("NRA"), commanding nonparty Fitzwater and Dean, P.L.C. ("Fitzwater") to produce documents and appear for a remote deposition in the matter of *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Action No. 3:22-CV-1944 (N.D. TX) (the "Texas Litigation"), on August 2, 2023.[1] Fitzwater is a Virginia accounting firm that previously served Movant Under Wild Skies, Inc. ("UWS"). The Subpoena, improperly issued after the close of discovery in the Texas Litigation, seeks disclosure of over a decade's-worth of UWS's privileged and confidential tax and financial information. For the reasons stated below, and as articulated more fully in the Brief in Support, UWS now moves this Court to enter an order quashing the Subpoena:

---

[1] For the Court's convenience, a copy of the Subpoena is attached as **Exhibit A**.

## JURISDICTION AND VENUE

1. Under Rule 45 of the Federal Rules of Civil Procedure, a motion to quash a subpoena is properly brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3).

2. This Court has jurisdiction, and is the proper venue, to hear and decide this Motion because compliance with the Subpoena requires Fitzwater to appear for a deposition and produce documents in Fairfax, Virginia, which is located within the territory of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## STANDING

3. "[N]onparties claiming privilege in the information subpoenaed from a different nonparty … have … standing to move to quash pursuant to Rule 45(d)(3)." *Vengosh v. Jacobs Eng'g Grp. Inc.*, 2020 U.S. Dist. LEXIS 175151, *8 (E.D.N.C. Sept. 23, 2020).

4. It is well-established that tax returns are subject to a qualified privilege "that disfavors the disclosure of income tax returns as a matter of general federal policy." *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 96 F.R.D. 147, 148 (E.D. Va. 1982).

5. Because the Subpoena seeks over a decade's-worth of UWS's privileged tax and financial information—including, among other things, UWS's tax returns for years 2008 through 2019 and Fitzwater's complete client file relating to UWS—UWS has standing to bring this Motion under Fed. R. Civ. P. 45(d)(3).

## GROUNDS FOR RELIEF

6. NRA served the Subpoena on Fitzwater, UWS's prior accounting firm, seeking an excessive amount of privileged and confidential information regarding UWS's taxes and finances, as well as similar information regarding a UWS employee.

7. UWS properly moves to quash the Subpoena for the following reasons.

8. *First*, NRA issued and served the Subpoena on Fitzwater after the close of discovery in the Texas Litigation.

9. *Second*, the tax documents and other information sought through the Subpoena are subject to a qualified privilege that NRA cannot overcome.

**REQUEST FOR RELIEF**

10. UWS respectfully requests that the Court enter an order quashing the Subpoena in its entirety. Upon granting the Motion to Quash, NRA and its attorneys must also be sanctioned pursuant to Rule 45(d)(1). That Rule requires that a party or attorney responsible for the issuance of a subpoena take reasonable steps to avoid undue burden and expense to the person subject to the Subpoena and mandates the imposition of a sanction for failure to comply. Here, NRA and its attorneys issued the Subpoena for no purpose other than to harass UWS. The Subpoena seeks patently irrelevant, privileged materials and information belonging to UWS and its employee. NRA made no effort to consider alternative sources before burdening UWS's accountants with its overly broad requests. UWS has now incurred undue expense in opposing the Subpoena. NRA and its attorneys should be sanctioned accordingly.

Respectfully submitted,
Under Wild Skies, Inc.
By counsel

/s/ Skyler R. Peacock
Mark R. Dycio, Esq. (VSB No. 32741)
T. Wayne Biggs, II, Esq. (VSB No. 41281)
Skyler R. Peacock, Esq. (VSB No. 87894)
Dycio & Biggs
10533 Main Street
Fairfax, Virginia 22030
(703) 383-0100
(703) 383-0101 (FAX)
mdycio@dyciolaw.com
twbiggs@dyciolaw.com
speacock@dyciolaw.com

**CERTIFICATE OF CONFERENCE**

On July 28, 2023, counsel for Movant Anthony S. Makris met and conferred with counsel for NRA in a good faith effort to resolve this matter without Court intervention but the conference was unsuccessful.

/s/ Skyler R. Peacock
Skyler R. Peacock, Esq.

**CERTIFICATE OF SERVICE**

On August 1, 2023, the foregoing was filed with the Clerk of Court for the U.S. District Court, Eastern District of Virginia, via the Court's electronic filing system. Service is being effected by electronic mail to Matthew Davis (mhd@brewerattorneys.com), NRA counsel in the Texas Litigation and the attorney who issued the Subpoena, as well as attorneys Cecelia Fanelli (clf@brewerattorneys.com) and Jason Snyder (jsnyder@brewerattorneys.com), who represented NRA during the July 28, 2023, conference regarding the Subpoena.

/s/ Skyler R. Peacock
Skyler R. Peacock, Esq.